STATE *v.* WILLIAM B. SURLES and others,

Where one rented land for the year 1875, the landlord cannot avail himself of the Act, ratified the 19th day of March 1875, as a defence against a charge of Forcible Trespass, in that he entered on said land before the prosecutor's term had expired, and with a strong hand caused to be removed certain fodder, before the same had been divided.

The Act of the 19th March, 1875, provides in terms, how a landlord shall proceed to enforce his demands, and take the benefit of its provisions before the courts, which negatives the idea that he can take redress in his own hands.

INDICTMENT for *Forcible Trespass*, tried before *Buxton, J.* at Fall Term, 1875, of the Superior Court of CUMBERLAND county.

The defendants were charged with forcibly taking and carrying away from the actual possession of the prosecutor, one Thomas Norwood, a stack of fodder, the prosecutor being present and forbidding it.

It was in evidence that on Saturday afternoon of the 6th of November, 1875, the prosecutor having received a message from the defendant Surles, went to his house, when Surles told him that he wanted to haul the fodder out of the field. The prosecutor inquired how much he was going to take, to which he replied "all." The prosecutor asked him how much he was going to allow him, for his part of the fodder. To this he replied seventy-five cents. The prosecutor replied that he asked $1.00 per hundred weight. The defendant said he would not give it. The prosecutor then told him not to haul it. Defendant said he would haul it, and directed James Hobbs, Isaac Byrd and Bill Cade, the co-defendants, who were in his employment, to take the wagon and haul the fodder out of the field. The prosecutor went with them to the fence and forbid them taking the fodder. They went in and carried off seven stacks, which was all there was.

It was further in evidence that the prosecutor rented the field from the defendant Surles. That one-third of the fodder belonged to Surles as rent, and that the fodder had not been divided. Surles did not go into the field. Two of the defendants, Byrd and Cade are colored men. The prosecutor did not live inside of the field but on another place which he had also rented from Surles.

All of the defendants were present at the house, when the conversation took place between the prosecutor and the defendant, Surles. The wagon was ready, hitched up. A man named Crewington was also present. Hobbs and Byrd were then, and had been previously in the employment of Surles.

There was other evidence tending to corroborate the testimony of the prosecutor.

The defendants requested the court to charge the jury:

1. That so far as the defendant Surles was concerned, the offence of forcible trespass could not be committed by him, as he was the landlord of Norris, and the crop being vested in his pos.

session as the owner of the land, in accordance with the act of 1874–'75, chap. 209, sec. 1, ratified 19th of March, 1875.

2. That none of the defendants could be convicted, because the forbidding was not of the character necessary and required, in that the prosecutor expressed no forbidding of Surles getting his own share of the fodder, being one-third part.

3. That there was a variance against the allegation and the proof—the offense charged is a forcible trespass to personal property while the evidence merely tended to prove a trespass on real property.

4. According to the proof, the prosecutor was not near enough to be present in the sense required by law,—he was standing off, outside the field at a considerable distance and merely saw them taking the fodder.

His Honor declined to charge as requested, and instructed the jury : That the forbidding up at the house was insufficient and would go for nothing, unless it was repeated by Norris down at the fence ; whether it was so repeated was for the jury to say, as it was a matter contradicted. If the defendants Hobbs, Byrd and Cade were so forbidden and yet entered the field and carried off the fodder under the circumstances testified to by Norris, and he was deterred by their number from maintaining his rights, then the jury should convict them; and if the jury should further find that they committed the offense in pursuance of orders given to them for that purpose by the defendant Surles, then the jury should find him guilty too, although he was not present at the commission of the offense, there being no accessories in misdemeanors, all guilty participants are regarded as principals. If A whips B at the command of C, who is not present when it is done, A and C are both guilty of the assault and battery. A is guilty because he committed it, and C is guilty because he commanded it.

The jury rendered a verdict of guilty as to all the defen-dants. There was a motion for a new trial; motion was over ruled. Judgment and appeal by defendants.

*Guthrie*, for the defendants.

*Attorney General Hargrove, Smith & Strong* and *Ray*, for the State.

SETTLE, J. The indictment charges the defendants with a forcible trespass, in taking and carrying away from the actual possession of the prosecutor, a certain stack of fodder, he, the prosecutor, being personally present forbidding the defendants so to do.

The defendant Surles says he cannot be convicted of this offense, because he was the landlord of Norris, the prosecutor, and the whole crop, raised by the prosecutor, was vested in him, Surles, by force of the Act of 1874-'5, chap. 209, ratified the 19th day of March, A. D., 1875.

His Honor mentions the fact, that, at the request of the de-fendants, the whole evidence given on the trial, is sent up with the record.

From this it will be seen that Norris rented the land from Surles for the year 1875; that one-third of the fodder be-longed to Surles; that it had not been divided; and the agree-ment between them was to settle on the first day of January, 1876.

These facts are not controverted. Then, whatever rights had accrued to either party, under the contract, could not be effected by the act ratified on the 19th day of March, A. D. 1875. To give it the effect contended for, would clearly vio-late the contract already made between the parties.

But even if this contract was embraced by the act, it pro-vides, in terms, how a party claiming this constructive posses-sion, shall proceed to enforce his demand before the courts,

which would seem to negative the idea that he could take redress in his own hands.

But the defendants further say they were not forbidden to take one-third of the fodder. We do not see how that helps them. It certainly did not amount to a license to take the other two-thirds. And the only bearing it would seem to have upon the case, is to aggravate the offence of the defendants. We need not notice the other points made in behalf of the defendants, further than to say that the charge of his Honor was a clear and concise statement of the law applicable to the case before him. We could not add to its force by repeating it.

The judgment of the Superior Court is affirmed.

Let this be certified, &c.

PER CURIAM.                                    Judgment affirmed.